MICHIGAN COUNCIL 25, AMERICAN FEDERATION OF STATE,
COUNTY AND MUNICIPAL EMPLOYEES, AFL-CIO, LOCAL 290,
WAYNE CHAPTER v CITY OF WAYNE

Docket No. 94739. Submitted May 19, 1987, at Detroit. Decided
    October 22, 1987.

    Michigan Council 25, American Federation of State, County and
    Municipal Employees, AFL-CIO, Local 290, Wayne Chapter
    filed a petition with the Michigan Employment Relations Com-
    mission, seeking a representation election among the full- and
    part-time employees of the parks and recreation department of
    the City of Wayne. The union showed that more than thirty
    percent of the proposed unit were interested in union represen-
    tation. The city moved to dismiss the petition on the basis that
    the composition of the proposed unit was inappropriate. The
    union made an additional showing of interest in an expanded
    proposed unit which would include utility maintenance work-
    ers, receptionists, clerks and exercise consultants. The commis-
    sion found that the appropriate unit should be expanded to
    include receptionists but should not include utility clerks,
    directed that a new check be made to determine whether there
    was a showing of interest in the expanded unit after an
    employee list was made available by the city, and ordered the
    city to furnish the employee list within ten days. The city's
    motion to dismiss was held in abeyance. On the tenth day
    following the commission's order, the city supplied the em-
    ployee list. The election supervisor notified the union it had
    seven days in which to provide the additional showing of
    interest. The city objected and moved for immediate considera-
    tion of its motion to dismiss. An election was held in which a
    majority of the proposed unit voted in favor of representation
    by the union. The city filed objections to the election and

REFERENCES

Am Jur 2d, Labor and Labor Relations §§ 1770, 1790, 1791.
Union security arrangements in state public employment. 95
    ALR3d 1102.
Bargainable or negotiable issues in state public employment labor
    relations. 84 ALR3d 242.
Labor law: Right of public employees to strike or engage in work
    stoppage. 37 ALR3d 1147.

sought to have the election set aside. The commission found the city's objections to be without merit and certified that the union would be the bargaining agent for the members of the bargaining unit. The city appealed.

The Court of Appeals *held:*

1. Since the city failed to raise before the commission the question of whether there was, in fact, a sufficient showing of interest made with respect to the enlarged proposed bargaining unit, that issue is not properly raised on appeal.

2. Under these circumstances, it was proper to allow the union additional time after the city supplied the employee list to the union for the purpose of making a sufficient showing of interest.

3. The commission's determination of the composition of the bargaining unit was supported by competent, material and substantial evidence and, thus, may not be overturned on appeal.

Affirmed.

LABOR RELATIONS — PUBLIC EMPLOYMENT RELATIONS ACT — COLLECTIVE BARGAINING REPRESENTATIVE — SHOWING OF INTEREST.

The Michigan Employment Relations Commission may grant such time as in fairness is required for a union seeking to become a bargaining representative of public employees to make a new showing of interest in union representation where the commission has changed the composition of the proposed bargaining unit.

*L. Roger Webb,* for petitioner.

*Keller, Thoma, Schwarze, Schwarze, DuBay & Katz, P.C.* (by *Norman D. Hawkins*), for the City of Wayne.

Before: D. E. HOLBROOK, JR., P.J., and GRIBBS and C. W. SIMON, JR.,* JJ.

PER CURIAM. The City of Wayne appeals as of right a Michigan Employment Relations Commission decision and order which denied certain of the city's objections to the representation election which had been sought by Michigan Council 25,

---

* Circuit judge, sitting on the Court of Appeals by assignment.

American Federation of State, County and Municipal Employees, AFL-CIO, Local 290, Wayne Chapter and which denied the the city's motion to dismiss the union's petition for the representation election.

On May 29, 1985, the union filed a petition for election with MERC, seeking an election for representation of a bargaining unit limited to all full- and part-time maintenance employees in the city's parks and recreation department. The union also requested that, should the employees vote to be represented, they would be accreted to AFSCME, Local 290. The union subsequently produced a thirty percent showing of interest of the employees in the bargaining unit described in the petition.

Since the parties were unable to agree to a consent election, a hearing was held before a hearing officer. Following the hearing, briefs were submitted by the parties. In its brief, the city requested dismissal of the union's petition on the basis that the proposed unit was inappropriate because it did not include all of the employees which, the city maintained, shared a community of interest. In its brief, the union included an additional showing of interest based on a proposed expanded unit which included classifications of utility maintenance workers, receptionists, clerks, and exercise consultants.

In its decision and direction of election issued on March 21, 1986, MERC found an appropriate unit which was more expansive than either the unit originally sought in the petition or proposed by the union in its brief. Since the bargaining unit was expanded, the commission directed that a new check be made of the showing of interest after a list of employees was made available by the city. The city was given ten days in which to furnish the list. The city's motion to dismiss the union's

petition was held in abeyance pending the union's production of a showing of interest by the enlarged bargaining unit.

On March 31, 1986, the city submitted the list of employees. On April 1, 1986, the commission's election supervisor notified the union that it had seven days in which to provide the additional showing of interest. Although the city objected to the extension of time and on April 3, 1986, filed a motion for immediate consideration of its motion to dismiss, no ruling was made on the objection.

From the record presented on appeal it is unclear whether the union ever made the requisite showing of interest required by MERC. We assume that it did, since: (1) the union claims such showing was made on April 2; and (2) the direction of election was expressly made conditional on the additional showing of interest and MERC subsequently issued a notice of election for May 22, 1986. At the election, the union received twenty-one votes, while fifteen votes were cast for no union representation.

On May 30, 1986, the city filed its objections to the election and sought to have the election set aside. MERC subsequently issued a decision finding the city's objections without merit. On August 7, 1986, MERC issued a certification of representation that the full- and part-time employees in the designated bargaining unit be accepted into the existing unit represented by AFSCME, Local 290.

On appeal, the city contends that MERC erred in not requiring a thirty percent showing of interest in the expanded bargaining unit before directing that an election be held. Section 12 of the public employment relations act, MCL 423.212; MSA 17.455(12). Since the city failed to raise this issue before MERC it has waived the issue for purposes of

review. *Dow Chemical Co v Curtis,* 158 Mich App 347, 352; 404 NW2d 737 (1987).

The city also contends that it was improper for MERC to grant the union additional time to produce a showing of interest in the bargaining unit. We disagree. The ten-day period in MERC's decision and direction of election was directed to the city, i.e., the city was given ten days within which to furnish an employee list to the union. No mention was made that the union was required to make a showing of interest within this time also. Since the city furnished the list of employees on the last day of the ten-day period, it would be inherently unfair to require the union to make its showing of interest within this time as well. Since the purpose of the showing of interest is that of barring frivolous claims of recognition and avoiding unnecessary expense and waste of time conducting needless elections, *Basney & Smith v Teamsters Local 299,* 1967 MERC Lab Op 53, 55; *Broadstreet Medical, Inc v Hospital Employees Local 79, Building Service Employees International Union,* 1967 MERC Lab Op 592, 594, the extension of time was not improper. In any event, it appears that the union promptly responded with its showing of interest.

The city's final claim on appeal is that MERC's exclusion of utility clerks and inclusion of receptionists in the expanded bargaining unit was not supported by competent, material and substantial evidence. We disagree. The task of determining an appropriate bargaining unit is left to MERC. MCL 423.213; MSA 17.455(13) and MCL 423.9e; MSA 17.454(10.4); *Local 128, AFSCME v Ishpeming,* 155 Mich App 501, 515; 400 NW2d 661 (1986). The determination of an appropriate unit is a finding of fact which will not be overturned by this Court if supported by competent, material and substantial evidence. *Id.; Michigan Educational Support*

*Personnel Ass'n v Southfield Public Schools,* 148 Mich App 714, 717; 384 NW2d 768 (1985). Since both parties agreed to the inclusion of receptionists in the proposed bargaining unit, that decision must stand. Furthermore, MERC's decision that utility clerks' functions were predominately office clerical in nature was supported by competent, material and substantial evidence on the record. Hence that decision must also stand.

Affirmed.